# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Akeem Young, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Warden, FCI Estill, )<br>)<br>Respondent. )<br>_____ ) | Civil Action No. 0:20-cv-0007-TMC<br><br>**ORDER** |

Petitioner Akeem Young, proceeding *pro se*, brought this action under 28 U.S.C. § 2241, seeking habeas relief from his conviction and sentence. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., all pre-trial matters were referred to a United States Magistrate Judge. On March 3, 2020, Respondent filed a motion to dismiss the petition. (ECF No. 13). Because of Petitioner's *pro se* status, the magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), explaining the procedures pertaining to motions to dismiss and advising Petitioner of his right to respond and the consequences of failing to do so. (ECF No. 14). On March 4, 2020, the clerk of court sent a copy of the *Roseboro* order via United States mail to Petitioner at the address he provided to the court. (ECF No. 15). The *Roseboro* order was not returned as undeliverable.

Initially, Petitioner's response was due April 6, 2020. *Id*. On March 16, 2020, however, a district-wide standing order was issued for the District of South Carolina extending all deadlines by twenty-one (21) days in light of the COVID-19 pandemic. (ECF No. 18). Petitioner's deadline for responding to the motion to dismiss was therefore extended to April 27, 2020. (ECF No. 17). On April 2, 2020, the clerk of court sent a copy of the standing order via United States mail to

Petitioner at the address he provided to the court. (ECF No. 19). The standing order was not returned as undeliverable. Nonetheless, Petitioner failed to respond by the new deadline.

On April 30, 2020, the magistrate judge entered an order directing Petitioner to advise the court whether he wished to continue with the case and file a response to Respondent's motion to dismiss. (ECF No. 20). Petitioner was specifically advised that if he failed to respond to the motion to dismiss or indicate a desire to continue by May 14, 2020, the magistrate judge would recommend the dismissal of the action for failure to prosecute. *Id.* This order was mailed to Petitioner at the address he provided to the court and was not returned as undeliverable. (ECF No. 21). Petitioner did not respond. Accordingly, on May 21, 2020, the magistrate judge issued a Report recommending the action be dismissed with prejudice for lack of prosecution and that pending motions be terminated. (ECF No. 24). The Report advised Petitioner of his right to file objections. *Id*. at 3. The clerk's office mailed the Report to Petitioner at the address he provided to the court and it has not been returned as undeliverable. (ECF No. 25). Plaintiff has not filed any objections to the Report, however, and the time for doing so has long since expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the magistrate judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, in the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby*

*v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315.

After carefully reviewing the record, the applicable law, and the Report of the magistrate judge, the court agrees with the Report's recommendation this matter should be dismissed, as Petitioner has failed to submit a response to the motion to dismiss despite numerous warnings and extensions in which to do so. It appears Petitioner has not participated in this action in any way beyond filing the petition and, shortly thereafter, a motion to proceed in forma pauperis. (ECF Nos. 1, 6). Accordingly, the court **ADOPTS** the Report (ECF No. 24) and incorporates it herein. This action is hereby **DISMISSED with prejudice** for failure to prosecute. Fed. R. Civ. P. 41(b). Respondent's motion to dismiss (ECF No. 13) is, therefore, terminated as **MOOT**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 4, 2020

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.